UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONALD GALATI, | : | Hon. Joseph H. Rodriguez |
| Petitioner, | : | Civil No. 19-222 |
| v. | : | OPINION |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |
| | : | |

This matter comes before the Court upon the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner, Mr. Ronald Galati. [Dkt. No. 1.] The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with FEDERAL RULE OF CIVIL PROCEDURE 78. For the reasons set forth below, Petitioner's motion [Dkt. No. 1] will be <u>denied</u>.

## **Background**

The Court makes no findings as to the veracity of Petitioner's allegations. The following facts are taken from the Motion [Dkt. No. 1,] and are accepted for purposes of this matter:

> [Mr.] Ronald Galati was charged in the District of New Jersey with one count of causing another to travel in interstate commerce, and using facilities of such commerce, in furtherance of murder for hire (in violation of 18 U.S. Code§ 1958); one count of conspiring to do the same (in violation of U.S. Code § 1958); one count of aiding and abetting the discharge of a firearm during a crime of violence and violation of 18 U.S.C. § 924); and one count of conspiring to do the same in violation of 18 U.S.C. § 924).
>
> Mr. Galati entered a not guilty plea and proceeded to trial. On September 30, 2014, the jury . . . returned guilty verdicts on all counts.
>
> [On] March 2, 2015, Mr. Galati was sentenced to an aggregate 271-month term of imprisonment, to be followed by five years of supervised release.
>
> On March 10, 2015, [Mr. Galati filed] a timely notice of appeal.

On his direct appeal, Mr. Galati raised one issue: "whether he was wrongly convicted under 18 U.S.C. § 924(c) of aiding and abetting the discharge of a firearm during a crime of violence and under 18 U.S.C. § 924(O) of conspiring to do the same, in so far as the offense of causing another to travel and interstate commerce, or using facilities of such, in furtherance of murder for hire is no longer a crime of violence after Johnson v United States, 135 S. CT, 2551". The Third Circuit Court of Appeals denied relief and affirmed Mr. Galati's conviction on October 30, 2015.

A timely Writ of Certiorari to the United States Supreme Court was filed on January 8, 2018.

On January 8, 2018, the United States Supreme Court denied Mr. Galati's Writ of Certiorari.

[Dkt. No. 1., ¶ 1-7.]

Thereafter, on January 7, 2019, Mr. Galati filed the instant motion seeking relief under § 2255 or, in the alternative, a new trial pursuant to Rule 33. [See generally Dkt. No. 1.] In support of this motion, Mr. Galati submitted an affidavit from Ms. Tiffany Galati, dated January 7, 2019, in which Ms. Galati partially recants her trial testimony, stating that she provided false testimony regarding Mr. Andrew Tuono's drug dealing. [Dkt. No. 1, Aff. of Tiffany Galati, ¶ 11.] On cross-examination when asked whether Mr. Tuono engaged in drug dealing, Ms. Galati answered no, but now affirms that answer was false. [Id.]

## Standard of Review

I. **Standard for Deciding a Motion to Vacate, Set Aside, or Correct the Sentence Pursuant to 28 U.S.C. § 2255.**

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; United States v. Booth, 432 F.3d 542, 545–46 (3d Cir. 2005). The threshold the petitioner must meet to obtain an evidentiary hearing is "reasonably low." Booth, 432

2

F.3d at 546. The "district court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" Johnson v. United States, 294 F. App'x 709, 710 (3d Cir. 2008) (quoting Booth, 432 F.3d at 545–36). However, the court may dispose of "vague and conclusory allegations contained in a § 2255 petition." Johnson, 294 F. App'x at 710 (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir.2000)).

In Hill v. United States, 368 U.S. 424 (1962), the Supreme Court of the United States read the statute as stating four grounds upon which relief can be granted:

(1) "that the sentence was imposed in violation of the Constitution or laws of the United States;"

(2) "that the court was without jurisdiction to impose such sentence;"

(3) "that the sentence was in excess of the maximum authorized by law;" or

(4) that the sentence "is otherwise subject to collateral attack."

Id. at 426–27 (quoting 28 U.S.C. § 2255(a)).

The statute provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Nonetheless, "a conviction does not violate the Constitution (or become otherwise subject to collateral attack) just because newly discovered evidence implies that the defendant is innocent." United States v. Evans, 224 F.3d 670, 674 (2000) (discussing Herrera v. Collins, 506 U.S. 390 (1993)). Moreover, "[w]here newly discovered evidence is alleged in a habeas application . . . such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly

3

discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Herrera, 506 U.S. at 400-01.

## II.     Standard for Deciding a Motion for New Trial Pursuant to Rule 33.

FEDERAL RULE OF CRIMINAL PROCEDURE 33(a) permits a court to "vacate any judgment and grant a new trial if the interest of justice so requires." A defendant may seek such relief by way of newly discovered evidence or "on any reason other than newly discovered evidence." FED. R. CRIM. P. 33(b). For relief based on newly discovered evidence, a defendant must file for relief within three years after the verdict or finding of guilty. FED. R. CRIM. P. 33(b)(1). A defendant seeking relief "grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." FED. R. CRIM. P. 33(b)(2). The time limitations imposed by Rule 33 are strictly construed. Herrera, 506 U.S. at 409.

On a motion for a new trial based on newly discovered evidence, a court may grant the motion if all five of the following requirements are satisfied:

> (1) the evidence must be in fact, newly discovered, i.e., discovered since the trial;
>
> (2) facts must be alleged from which the court may infer diligence on the part of the movant;
>
> (3) the evidence relied on, must not be merely cumulative or impeaching;
>
> (4) it must be *material* to the issues involved; and
>
> (5) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would *probably* produce an acquittal.

United States v. Cimera, 459 F.3d 452, 458 (3d Cir. 2006) (quoting United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976) (emphasis added)).

4

A "heavy burden" weighs on the movant when proving each requirement. Cimera, 459 F.3d at 458. The decision regarding a motion for a new trial under FEDERAL RULE OF CRIMINAL PROCEDURE 33 is left to a court's discretion. Gov't of the Virgin Islands v. Lima, 774 F.2d 1245, 1250 (3d Cir. 1985). This discretion is very narrow; a court can order a new trial "'only if it believes that there is a serious danger that a miscarriage of justice has occurred — that is, . . . an innocent person has been convicted.'" United States v. Silveus, 542 F.3d 993, 1004-05 (3d Cir. 2008) (quoting United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002)). Normally, Rule 33 motions for a new trial based on newly discovered evidence require that "the evidence must create an *actual probability* that an acquittal would have resulted if the evidence had been available." Cimera, 459 F.3d at 458 (emphasis added).

Affidavits of recanting witnesses are treated with "great suspicion." Landano v. Rafferty, 856 F.2d 569, 572 (3d Cir. 1988). See also United States v. Miner, 131 F.3d 1271, 1273 (8th Cir. 1997) ("Courts look upon recantations with suspicion."); Spence v. Johnson, 80 F.3d 989, 997 (5th Cir. 1996) ("recanting affidavits and witnesses are viewed with extreme suspicion by the courts" (internal quotation omitted)); United States v. Chambers, 944 F.2d 1253, 1264 (6th Cir. 1991) ("Recanting affidavits and witnesses are viewed with extreme suspicion."). Courts are "particularly reluctant to grant such motions where the newly discovered evidence consists of a witness recantation." United States v. Di Paolo, 835 F.2d 46, 49 (2d Cir. 1987) (internal quotation omitted).

5

**Discussion**

I.  **28 U.S.C. § 2255**
    a. **Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year period of limitation applies to a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. See Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005). In relevant part, 28 U.S.C. § 2255 states, "A 1–year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The motion is timely filed pursuant to 28 U.S.C. § 2255. Mr. Galati's conviction became final on January 8, 2018, when his writ of certiorari to the United States Supreme Court was denied; thus, the statute of limitations expired one year later on January 8, 2019. [Dkt. No. 1, ¶ 7.] Mr. Galati filed this instant motion on January 7, 2019, one day before the expiration date. [See generally Dkt. No. 1.]

### b. Section 2255: Relief Through Newly Discovered Evidence

28 U.S.C. § 2255 provides relief in limited circumstances. Here, Mr. Galati does not contend that his conviction violates the Constitution or any statute, nor does he claim that a constitutional error was committed. Such errors commonly relate to the government withholding of Brady or Giglio information. See, e.g., Brookins v. United States, No. CIV. 12-12, 2013 WL 364231 (W.D. Pa. Jan. 30, 2013) (deciding a matter relating to an alleged Brady violation). Petitioner alleges that newly discovered evidence demonstrates that a factual injustice occurred, not a constitutional error. As held in Herrera, 506 U.S. 390 (1993), § 2255 does not extend to claims of 'actual innocence' independent of a constitutional claim. Without bringing a constitutional claim within Petitioner's allegation, newly discovered evidence is not a ground for federal habeas relief. See Herrera, 506 U.S. at 400. "[W]hat we have to deal with [on habeas review] is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved." Id. (quoting Moore v. Dempsey, 261 U.S. 86, 87-88 (1923)).

### c. Certificate of Appealability

A court issuing a final order denying a 28 U.S.C. § 2255 motion must also make a determination about whether a certificate of appealability ("COA") should issue. See 3rd Cir. L.A.R. 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

7

Slack v. McDaniel, 529 U.S. 473, 484–85 (2000). Based upon the motion, files, and records of the instant case, and for the reasons set forth above, the Court finds that Petitioner did not show a denial of a constitutional right. Therefore, a COA should not issue.

## II. FEDERAL RULES OF CRIMINAL PROCEDURE 33
### a. Timeliness

In the alternative to 28 U.S.C. § 2255, Petitioner seeks a new trial pursuant to Federal Rule of Criminal Procedure 33. [Dkt. No. 1, ¶ 19] Rule 33 is sought based on newly discovered evidence, namely, Ms. Galati's January 2019 affidavit. Id. Facially, this filing is untimely pursuant to Rule 33.

FEDERAL RULE OF CRIMINAL PROCEDURE 33(a) permits a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Mr. Galati seeks such relief by way of newly discovered evidence. [Dkt. No. 1, ¶ 19]; FED. R. CRIM. P. 33(b). For relief based on newly discovered evidence, Mr. Galati must have filed for relief within three years after being found guilty. FED. R. CRIM. P. 33(b)(1). Here, a jury returned its verdict convicting Mr. Galati on September 30, 2014. The motion at bar comes almost four and a half years after the verdict and finding of guilty, which is approximately a year and a half after the statute of limitations had expired. As such, Mr. Galati's motion will be denied.

### b. New Trial Requirements

Despite being untimely, for the sake of completeness, the merits of Petitioner's motion regarding Rule 33 must also be analyzed. Affidavits, like the one Petitioner proffers here, are looked at skeptically by the Court. See, e.g., Landano, 856 F.2d at 572.

Additionally, Petitioner must satisfy all five Rule 33 requirements regarding newly discovered evidence. See Cimera, 459 F.3d at 458. Petitioner fails to satisfy requirements four and five, namely: (4) it must be material to the issues involved; and (5) it must be such, and of such nature, as that on a new trial, the newly discovered evidence would probably produce an acquittal. Id.

With regard to the fourth and fifth requirements, the alleged new evidence set forth by Ms. Galati is not material and would not produce a probable acquittal. Ms. Galati's affidavit partially recanting her statements regarding Mr. Tuono's drug dealings is irrelevant to whether Petitioner hired Mr. Johnson, Mr. Walker, and Mr. Matthews to kill Mr. Tuono. Ms. Galati did not offer direct testimony against Petitioner; rather, her statements act as evidence to establish the relationship between Ms. Galati, Mr. Tuono, and Petitioner. [Dkt. No. 6-4 at 867-884.]

The Court agrees with the Government's arguments relying on the trial transcript and new affidavit:

> Ms. Galati did not accuse her father of ordering the murder.
>
> Additional evidence that Mr. Tuono allegedly sold drugs would have had no bearing on whether Petitioner hired Mr. Johnson, Mr. Walker, and Mr. Matthews to kill Mr. Tuono as charged in the indictment.
>
> Even if the jury had heard Ms. Galati's testimony that Mr. Tuono sold drugs, there was ample other evidence of Petitioner's guilt. That evidence included the facilitator and the two hitmen that were all hired by Petitioner to travel from Philadelphia to Atlantic City to kill Mr. Tuono.
>
> Ms. Galati's partial recantation of a non-material issue does nothing to refute the fact that Mr. Johnson, Mr. Walker, and Mr. Matthews all testified that Petitioner hired them to kill Mr. Tuono.
>
> Mr. Johnson testified that Petitioner wanted Mr. Tuono dead. [Dkt. No. 6-3 at 761.]

9

>Mr. Johnson told both Mr. Walker and Mr. Matthews that Petitioner wanted Mr. Tuono killed. [Dkt. No. 6-3 at 761-62.]
>
>Mr. Walker testified that Petitioner told Mr. Walker that he wanted Mr. Tuono killed, that Petitioner did not want to be implicated in the crime, and that Petitioner was willing to pay Mr. Walker $20,000. [Dkt. No. 6-1 at 272-73.]
>
>Mr. Matthews testified that Mr. Johnson approached Mr. Matthews on Petitioner's behalf to kill Mr. Tuono. [Dkt. No. 6-2 at 686-87, 698.]

[Dkt. No. 6, at 11-12.]

Thus, there is sufficient evidence in the record to find that Ms. Galati's affidavit would not increase the probability of acquittal enough to warrant a new trial, nor is the Affidavit material to determining Petitioner's guilt.

## **Conclusion**

For the reasons stated above, Petitioner's motion [Dkt. No. 1.] will be <u>denied</u>.


November 24, 2020                              s/Joseph H. Rodriguez
Date                                           HON. JOSEPH H. RODRIGUEZ
                                               United States District Judge